**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD HARRIS, JR. AND BEVIN HARRIS | : CIVIL ACTION NO. |
| | : |
| | : |
| v. | : |
| | : |
| STATE FARM FIRE AND CASUALTY COMPANY | : |
| | : |

**NOTICE FOR REMOVAL OF CIVIL ACTION**
**FROM STATE COURT**

AND NOW, comes Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), for the purpose of removing the case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.     This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, at Docket May Term 2026, No. 03428.

2.     The action was commenced by Writ on May 27, 2026, which was served on Defendant on June 1, 2026.

3.     Thereafter, Plaintiffs electronically filed a Complaint on June 12, 2026. A copy of the Complaint is attached hereto as Exhibit "A."

4.     The Complaint states one cause of action for Breach of Contract and seeks damages in excess of $50,000 plus interest and costs. (See Exhibit "A" at *ad damnum* clause).

5.     Plaintiffs' estimate of damages is attached as Exhibit "A" to the Complaint and states damages of $122,834.97. (See Exhibit "A".)

6.     The averments made herein are true and correct with respect to the date on which the Complaint was filed and the date upon which this notice is being filed.

7.    This suit is of a civil nature and involves a controversy between citizens of different states. Plaintiffs are citizens of the Commonwealth of Pennsylvania. Defendant State Farm is now, and was at the time Plaintiffs commenced this action and filed the Complaint, a corporation organized under the laws of the State of Illinois and with its principal place of business at One State Farm Plaza, Bloomington, Illinois.

8.    Defendant State Farm has, with the filing of this notice, given written notice to Plaintiffs' counsel.

9.    Defendant State Farm is also filing a copy of the notice of removal and all attachments thereto with the Office of Judicial Records of the Court of Common Pleas of Philadelphia County.

10.    Defendant seeks to remove this matter to the United States District Court for the Eastern District of Pennsylvania. Defendant asserts that the amount in controversy in this matter exceeds $75,000 based on the allegations contained in Plaintiffs' Complaint. As the moving party, Defendant bears the burden of proving that jurisdiction is proper in federal court. *Russ v. State Farm Mut. Auto. Ins. Co.,* 961 F. Supp. 808, 810 (E.D. Pa. 1997).

11.    The procedure for removal is set forth by 28 U.S.C. § 1446. The pertinent portion of this statute governing timeliness of removal is §1446(b)(1) which states as follows:

> (b) Requirements; generally.
>
> > (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

12.     Because Pennsylvania does not permit a demand for a specific sum or permits recovery of damages in excess of the amount demanded, removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. "Preponderance of the evidence means proof to a reasonable probability that jurisdiction exists." *Hatchigian v. AAA Mid-Atlantic Member Rels,* Civ. A. No. 19-4740, 2020 U.S. Dist. Lexis 92063 (E.D. Pa. May 27, 2020).

13.     In determining whether the jurisdictional amount has been satisfied, the Court must first evaluate the Complaint. *Angus v. Shiley, Inc.,* 989 F.2d 142, 145 (3d Cir. 1993).

14.     A District Court's determination as to the amount in controversy must be based on the "plaintiff's complaint at the time the petition for removal was filed." *Hutchinson v. State Farm Fire & Cas. Co.*, Civ. A. No. 18-2588, 2019 U.S. Dist. LEXIS 13820, at *5 (E.D. Pa. Jan. 28, 2019) (citing *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002)).

15.     The underlying lawsuit as alleged in the Complaint stems from a June 19, 2025 loss to the property located at 105 Ajas Way, Warminster, Pennsylvania, allegedly resulting in damage. (See Exhibit "A").

16.     Given Plaintiffs' claim for breach of contract and estimate of damages in excess of $122,834.97, the amount in controversy in this case is clearly in excess of the $75,000. jurisdictional threshold for removal to Federal Court, in accordance with 28 U.S.C. §1332(a).

17.     Accordingly, this Court is the proper forum to determine the controversy between the parties.

18.     Defendant reiterates its demand for a jury trial of twelve.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

BY:

_____

Yolanda Konopacka DeSipio
Christopher M. McMonagle
Attorneys for Defendant
Attorney ID Nos: 62170 and 316043
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100

Date: July 9, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD HARRIS, JR. AND BEVIN HARRIS | : CIVIL ACTION NO. |
| | : |
| | : |
| v. | : |
| | : |
| STATE FARM FIRE AND CASUALTY COMPANY | : |
| | : |

**NOTICE OF REMOVAL**

**TO:**    Joseph A. Zenstein, Esquire
Zenstein Kovalsky LLC
1240 Old York Road, Suite 101
Warminster, PA 18974

PLEASE TAKE NOTICE that defendant, State Farm Fire and Casualty Company, has filed in this Court a verified Notice for Removal of the State Court action, *Derek Cooper v. State Farm Fire and Casualty Company* now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, at May Term 2026, No. 00248.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Office of Judicial Records of the Court of Common Pleas of Philadelphia County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now removed to this Court. The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

BY: _____

Yolanda Konopacka DeSipio
Christopher M. McMonagle
Attorneys for Defendant
Attorney ID Nos: 62170 and 316043
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100

Date: July 9, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD HARRIS, JR. AND BEVIN HARRIS | : CIVIL ACTION NO. |
| | : |
| v. | : |
| | : |
| STATE FARM FIRE AND CASUALTY COMPANY | : |

**DEFENDANT'S CERTIFICATION OF FILING OF
COPY OF NOTICE OF REMOVAL WITH STATE COURT**

Christopher M. McMonagle, being duly sworn according to law, deposes and says that he is an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for Defendant, State Farm Fire and Casualty Company, and that she did direct the filing with the Office of Judicial Records of the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal, attached hereto, said filing to be made on July 9, 2026.  I certify that the statements herein are true and correct to the best of my knowledge, information and belief, and that if the statements are found to be willfully false I may be subject to punishment.

BY:  _____

Yolanda Konopacka DeSipio
Christopher M. McMonagle
Attorneys for Defendant
Attorney ID No: 62170 and 316043
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100

Date: July 9, 2026